

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

---

271 Cadman Plaza East
Brooklyn, New York 11201

March 9, 2016

**BY ECF**

Honorable Margo K. Brodie
United States District Judge, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *The Brooklyn Union Gas Co. v. Exxon Mobil Corp., et al.*
               Civ. No. 17-0045 (Brodie, J.) (Tiscione, M.J.)

Dear Judge Brodie:

      This Office represents defendant United States of America in this lawsuit alleging, *inter alia*, environmental claims by Brooklyn Union Gas under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, *et seq.* ("CERCLA"). Pursuant to Your Honor's Individual Motion Practices, and the Court's unnumbered February 16, 2017 Order, the United States writes to respectfully request a pre-motion conference to file a motion to dismiss Plaintiff's Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.[1]

      As the Court is aware, Plaintiff generally alleges CERCLA claims concerning multiple land parcels in the Bushwick and Williamsburg neighborhoods of Brooklyn, New York. *See generally* Plaintiff's Complaint at Dkt. No. 1 ("Compl."). In Plaintiff's 136-paragraph Complaint, it asserts that it owned the Williamsburg Manufactured Gas Plant in Brooklyn, New York ("Williamsburg MGP") and that the various defendants owned or operated this plant, or facilities on adjacent land, at various points in time beginning in the 19th Century, and that defendants caused the discharge of pollution at or adjacent to the Williamsburg MGP. *Id.* Plaintiff further alleges that in 2007, it entered into an Order on Consent and Administrative Settlement with the State of New York ("AOC"), to investigate and remediate the Williamsburg MGP. Compl. ¶¶ 104-06. As to the United States, Plaintiff alleges four causes of action: a cause of action under CERCLA section 107 in Count I; a cause of action under CERCLA section 113(f)(1) in Count II; a declaratory judgment action under CERCLA in Count III; and, a cause of action for the discharge of petroleum under New York Navigation Law in Count IV. Compl. at ¶¶ 109-18 (Count I), 119-24 (Count II), 125-29 (Count III), and 130-36 (Count IV).

---

[1] It appears that Plaintiff has not perfected service against the United States and undersigned counsel informed counsel for the Plaintiff of the deficiency in service. Undersigned counsel understands that Plaintiff intends to perfect service against the United States. If service on the United States is not perfected, Rule 4 may provide additional grounds for dismissal.

Section 107(a) of CERCLA identifies four classes of potentially responsible parties ("PRPs"), which include an owner of a facility at the time of disposal of hazardous substances, such as Plaintiff.  42 U.S.C. § 9607(a)(2).  Two separate sections within CERCLA allow a PRP such as Plaintiff to seek to share environmental cleanup costs with other alleged PRPs: sections 107 and 113.  Section 113 of CERCLA allows a party to seek contribution from other PRPs in two distinct circumstances.  First, where a party has been sued under section 106 or 107 of CERCLA, it may bring an action under section 113(f)(1) to seek contribution.  42 U.S.C. § 9613(f)(1); *United States v. Atlantic Research Corp.*, 551 U.S. 128, 139 (2007) ("Section 113(f)(1) authorizes a contribution action . . . from an action instituted under [CERCLA] § 106 or § 107(a)."); *Cooper Indus., Inc. v. Aviall Serv., Inc.*, 543 U.S. 157, 166-67 (2004); *W.R. Grace & Co. v. Zotos Int'l, Inc.*, 559 F.3d 85, 90 (2d Cir. 2009) ("Grace acknowledges that, after *Cooper Industries*, it may not bring a cause of action against Zotos under section 113(f)(1) because Grace has not already been subject to a civil suit under either section 106 or 107.").  Second, where a PRP has resolved its CERCLA liability with a state or the United States, it may bring an action under section 113(f)(3)(B).  42 U.S.C. § 9613(f)(3)(B).  Finally, section 107 of CERCLA permits a PRP who has not been sued under section 106 or 107, or settled with a state or the United States, to seek to recover cleanup costs it has incurred.  42 U.S.C. § 9607; *Atlantic Research Corp.*, 551 U.S. 138-39.  Notably, in the Second Circuit, sections 107 and 113 are mutually exclusive.  Where a party has a cause of action under CERCLA Section 113, it may not bring an action under CERCLA Section 107.  *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 128 (2d Cir. 2010) (recognizing an entity cannot proceed under both CERCLA section 113(f)(3)(B) and 107).

Plaintiff cannot bring a claim under CERCLA section 113(f)(1).  Plaintiff does not allege that it has been sued under CERCLA sections 106 or 107, although in Count II it nevertheless asserts a cause of action under section 113(f)(1).  Because a PRP needs to have been sued under CERCLA sections 106 or 107 before bringing suit under CERCLA section 113(f)(1)—and Plaintiff has not made such allegation—this claim must be dismissed.  *See* 42 U.S.C. § 113(f)(1); *Cooper Indus., Inc., Inc.*, 543 U.S. at 166-67; *W.R. Grace & Co.*, 559 F.3d at 90.

Although not pled in its Complaint, Plaintiff could have availed itself of a claim under CERCLA section 113(f)(3)(B), which is now untimely.  Section 113(f)(3)(B) of CERCLA allows a PRP to bring a contribution action to recover environmental response costs where it has resolved its liability through a State-agency approved settlement, such as the AOC into which Plaintiff entered with the New York State Department of Environmental Conservation.  42 U.S.C. § 9613(f)(3)(B) ("A person who has resolved its liability to . . . a State . . . for some or all of a response action . . . in an administrative . . . settlement may seek contribution from any person who is not a party to the settlement . . . .").  After a party resolves its liability, it has three years to bring an action under section 113(f)(3)(B).  42 U.S.C. § 9613(g)(3)(B).  Plaintiff alleges that it entered into its AOC with the State in 2007.  Compl. ¶¶ 104-05.  The Second Circuit recognizes that by entering into an AOC with the State, Plaintiff's "short" three-year statute of limitations under CERCLA began to run.  *New York v. Solvent Chemical Co., Inc.*, 664 F.3d 22, 26 (2d Cir. 2011) ("First, there is a short statute of limitations for a CERCLA contribution claim.  *See* 42 U.S.C. § 9613(g)(3) (three-year statute of limitations from . . . entry of administrative order . . .).").  While Plaintiff had a CERCLA claim under CERCLA section 113(f)(3)(B), the statute of limitations ran on that claim in 2010 (3 years after the 2007 entry of its AOC), and this claim is now untimely.

Because Plaintiff could have timely availed itself of CERCLA section 113(f)(3)(B) in the three years after entry of the AOC in 2007, it cannot now choose to assert a claim under CERCLA section 107 instead.  The Second Circuit does not allow a section 107 action to proceed where a party had a cause of action under section 113.  *Niagara Mohawk*, 596 F.3d at 128 (recognizing that where a company enters into an AOC with a state agency, it has a CERCLA section 113(f)(3)(B) cause of action and cannot also proceed under CERCLA section 107).

Plaintiff attempts to avoid CERCLA precedent and frustrate the purpose of CERCLA's statute of limitations by claiming in its response to the pre-motion letter of other defendants—although not so pleading in the Complaint—that it withdrew from the AOC.  *See* Plaintiff's Response to Request for Pre-Motion Conference at Dkt. No. 27.  Effectively, Plaintiff is attempting to re-start its CERCLA statute of limitations and circumvent the holding of *Niagara Mohawk*, which holds that a PRP that has a contribution claim under section 113 cannot assert a claim under section 107.  Plaintiff defies logic by suggesting that it can either start and stop the CERCLA statute of limitations by breaching an administrative agreement that falls under section 113(f)(3)(B), or that it could gain new rights under CERCLA by letting its statute of limitations lapse.  Indeed, Plaintiff cites no case law to suggest that a statute of limitations could be revived by attempting to withdraw from an administrative agreement.  Accordingly, Plaintiff has no viable CERCLA claim, and counts I, II, and III[2] of its lawsuit must be dismissed.

Count IV of Plaintiff's Complaint should be dismissed because the United States has not waived its sovereign immunity here for Plaintiff's claim under New York State Navigation Law for cleanup of discharged petroleum.  *See* Compl. at ¶¶ 130-36.  Plaintiff bears the burden of proving by a preponderance of the evidence that the United States has explicitly waived its sovereign immunity.  *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "Absent a waiver, sovereign immunity is jurisdictional in nature."  *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted).  Sovereign immunity is not waived for state law claims for removal and remedial actions concerning properties that are not currently "owned or operated" by the United States.  *See* 42 U.S.C. § 9620(a)(4); *see also Redland Soccer Club v. Dep't of the Army*, 801 F.Supp. 1432, 1436 (M.D. Pa. 1992) ("We conclude that the waiver of sovereign immunity in 42 U.S.C. § 9620(a)(4) applies to facilities *currently* owned or operated by the United States.") (*emphasis* in original).  Here, by using the past tense, Plaintiff specifically alleges that the United States no longer owns or operates the property identified in Plaintiff's Complaint. Compl. ¶ 43 ("The U.S. Government's toluol plant was located . . . ."), ¶ 44 ("The U.S. Navy had operations . . . .").  Accordingly, the United States has not waived its sovereign immunity for the state law claim against it and Count IV should be dismissed.

Accordingly, for the reasons discussed above, and while reserving its right to assert additional arguments, the United States respectfully requests leave to file a motion to dismiss Plaintiff's Complaint.

---

[2]  In count III, Plaintiff alleges a declaratory judgment claim for future costs based on its CERCLA section 107 claim.  Compl. ¶¶ 125-29.  This declaratory judgment claim cannot stand in the absence of an underlying substantive cause of action and must be dismissed here.  *Mercury Mall Assocs., Inc. v. Nick's Market, Inc.*, 368 F. Supp. 2d 513, 520 (E.D. Va. 2005) ("Declaratory relief under § 9613(g)(2) is only available in connection with an active cost recovery action.").

      We appreciate the Court's consideration of this matter.

                         Respectfully submitted,

                         ROBERT L. CAPERS
                         United States Attorney

By:    */s/ Matthew J. Mailloux*
                         MATTHEW J. MAILLOUX
                         Assistant U.S. Attorney
                         (718) 254-6176
                         matthew.mailloux@usdoj.gov

cc:    Counsel of Record (by ECF)