UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

THE BROOKLYN UNION GAS COMPANY,

                Plaintiff,

   -against-

EXXON MOBIL CORPORATION,
UNITED STATES OF AMERICA, *et al.*,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Civil Action No.
1:17-CV-00045

(Brodie, J.)
(Tiscione, M.J.)


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS CERCLA CLAIMS ASSERTED IN COUNTS I, II, AND III OF THE AMENDED COMPLAINT

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
*Attorney for Defendants*

MATTHEW J. MAILLOUX
Assistant United States Attorney
*Of Counsel*

**PRELIMINARY STATEMENT**

Defendant United States of America respectfully submits this memorandum supporting dismissal of Plaintiff's Amended Complaint as to the United States. In so doing, the United States concurs with the Co-Defendants' May 25, 2017 Memorandum supporting dismissal of Plaintiff's federal claims (Dkt. No. __), which makes clear that Plaintiff has no viable claims under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, *et seq.* ("CERCLA"). Accordingly, dismissal of Plaintiff's CERCLA claims is appropriate.

**FACTUAL AND PROCEDURAL BACKGROUND**

As described in Co-Defendants' Memorandum, Plaintiff generally alleges CERCLA claims concerning multiple land parcels in the Bushwick and Williamsburg neighborhoods of Brooklyn, New York. *See* Co-Defendants' Memorandum of Law in Support of Motion to Dismiss ("Co-Def. Mem. Law") at 4-9; *see generally* Plaintiff's Amended Complaint at Dkt. No. 75 ("Am. Compl."). Plaintiff asserts that it owned the Williamsburg Manufactured Gas Plant in Brooklyn, New York ("Williamsburg MGP") and that the Defendants owned or operated this plant, or other parcels of land or facilities in the area, and that Defendants caused a release of hazardous substances at or in the surroundings of the Williamsburg MGP. *See generally* Am. Compl. In 2007, Plaintiff entered into an Order on Consent and Administrative Settlement with New York State ("2007 Consent Order and Settlement"), to investigate and remediate the Williamsburg MGP. Am. Compl. ¶¶ 136-41. As to the United States, Plaintiff alleges three causes of action: a claim under CERCLA section 107 (Count I); a claim under CERCLA section 113(f)(3)(B) (Count II); and a declaratory judgment claim under CERCLA section 113(g)(2)(B) (Count III). Am. Compl. at ¶¶ 142-52 (Count I), ¶¶ 153-55 (Count II), and ¶¶ 156-60 (Count III). Count IV alleges a state law claim against the Defendants other than the United States. Am. Compl. at ¶¶ 161-67.

## ARGUMENT

### I. Plaintiff's CERCLA Section 107 Claim Should Be Dismissed

The United States concurs with the Co-Defendants that Plaintiff does not have a claim under CERCLA section 107 and that section 113 was Plaintiff's exclusive recourse. Plaintiff plainly falls within the terms of CERCLA section 113 because it entered into an administrative agreement with the State of New York that resolved its liability—thereby triggering section 113(f)(3)(B). As one court aptly noted, "[i]f a party . . . could simply repackage its § 113(f) claim for contribution as one for recovery under § 107(a), then the structure of CERCLA remedies would be completely undermined." *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1236 (11th Cir. 2012). The Court should deny the availability of a Section 107(a) remedy "in order to ensure the continued vitality of the precise and limited right to contribution." *Morrison Enterprises, LLC v. Dravo Corp.*, 638 F.3d 594, 603 (8th Cir. 2011); *accord*, *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 128 (2d Cir. 2010) ("To allow [the plaintiff] to proceed under § 107(a) would in effect nullify the SARA amendment [that codified the contribution remedy under CERCLA] and abrogate the requirements Congress placed on contribution claims under § 113.").

#### A. Background on CERCLA Claims

Section 107(a) of CERCLA identifies four classes of potentially responsible parties ("PRPs"), which include an owner of a facility at the time of disposal of hazardous substances, such as Plaintiff. 42 U.S.C. § 9607(a)(2). CERCLA sections 107 and 113 allow a PRP such as Plaintiff to seek to share environmental cleanup costs with other alleged PRPs. First, section 113(f)(1) allows a party that has been sued under section 106 or 107 of CERCLA to seek contribution. 42 U.S.C. § 9613(f)(1); *United States v. Atlantic Research Corp.*, 551 U.S. 128, 139

(2007) ("Section 113(f)(1) authorizes a contribution action . . . from an action instituted under [CERCLA] § 106 or § 107(a)."). Plaintiff's Amended Complaint asserts no such claim; therefore, this provision is not addressed here. Second, CERCLA section 113(f)(3)(B) allows a PRP to seek contribution from other PRPs where that PRP has resolved its CERCLA liability with a state or the United States. 42 U.S.C. § 9613(f)(3)(B). CERCLA section 107 permits a PRP who has not been sued under section 106 or 107, or settled with a state or the United States, to seek to recover costs from other PRPs. 42 U.S.C. § 9607; *United States v. Atlantic Research Corp.*, 551 U.S. 128, 138-39 (2007). In *Atlantic Research*, the Supreme Court clarified that CERCLA sections 107(a) and 113(f) offer distinct remedies, but the Court did not address whether cleanup response costs incurred pursuant to a consent decree (as opposed to reimbursement costs) are recoverable under CERCLA sections 107(a), 113(f), or both. *Atlantic Research*, 551 U.S. at 138 n.6. Analyzing *Atlantic Research*, the Second Circuit, like all other circuits that have addressed the issue, holds that sections 107 and 113 are mutually exclusive. *See* Co-Def. Mem. Law at 18-19 (citing to decisions in other circuits). Where a party has a cause of action under CERCLA section 113, it may not bring an action under CERCLA section 107. *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.*, 596 F.3d 112, 128 (2d Cir. 2010); *see* Co-Def. Mem. Law, Point I.

### B. Plaintiff Does Not Have a CERCLA Section 107 Claim

Section 113(f)(3)(B) of CERCLA allows a PRP to seek contribution for environmental response costs where it has resolved its liability through a State-agency approved settlement, like the 2007 Consent Order and Settlement into which Plaintiff entered with the New York State Department of Environmental Conservation. 42 U.S.C. § 9613(f)(3)(B) ("A person who has resolved its liability to . . . a State . . . for some or all of a response action . . . in an administrative . . . settlement may seek contribution from any person who is not a party to the settlement . . . .").

Page 3

As set forth in Co-Defendants' memorandum, the 2007 Consent Order and Settlement resolved Plaintiff's liability to the State of New York, enabling Plaintiff to seek contribution from other PRPs under Section 113(f)(3)(B).  *See* Co-Def. Mem. Law, Point I(D) at 18-21.  Because Plaintiff's contribution claim fell under CERCLA section 113(f)(3)(B), it cannot now choose to also assert a CERCLA section 107 claim.  The Second Circuit does not allow a section 107 action to proceed where a party has a cause of action under section 113.  *Niagara Mohawk*, 596 F.3d at 128 (recognizing that by entering into a consent order and settlement with a state agency, a party has a CERCLA section 113(f)(3)(B) claim and cannot also proceed under section 107).  Accordingly, Plaintiff's CERCLA section 107 claim should be dismissed.  *See* Co-Def. Mem. Law, Point I.

## II.     Plaintiff's CERCLA Section 113(f)(3)(B) Claim Is Untimely

A party has three years after executing an agreement resolving its liability to the United States or a State to bring a CERCLA section 113(f)(3)(B) claim.  42 U.S.C. § 9613(g)(3)(B); *see* Co-Def. Mem. Law, Point II.  Plaintiff alleges that it entered into its Consent Order and Settlement with the State in 2007.  Am. Compl. ¶ 138.  The Second Circuit recognizes that by entering into this agreement, Plaintiff's "short" three-year statute of limitations under CERCLA began to run.  *New York v. Solvent Chem. Co.*, 664 F.3d 22, 26 (2d Cir. 2011) ("[T]here is a short statute of limitations for a CERCLA contribution claim.  *See* 42 U.S.C. § 9613(g)(3) (three-year statute of limitations from . . . entry of administrative order . . .).").[1]  While Plaintiff had a CERCLA claim under section 113(f)(3)(B), the statute of limitations ran on that claim in 2010 (3 years after it entered into the 2007 agreement), making this claim untimely.  Accordingly, Plaintiff's claim under CERCLA section 113(f)(3)(B) should also be dismissed.  *See* Co-Def. Mem. Law, Point II.

---

[1] The timing of when Plaintiff completes its work under the 2007 Consent Order and Settlement, or is provided with a release and covenant not to sue pursuant to the settlement agreement, is irrelevant to analyzing Plaintiff's statute of limitations.  *See* Co-Def. Mem. Law, Point I(D).

Plaintiff's attempt to avoid CERCLA precedent and frustrate the purpose of CERCLA's statute of limitations by attempting to renege on its agreement to participate in the 2007 Consent Order and Settlement should be rejected. Plaintiff asserts that it "exercised its right to terminate the Williamsburg MGP from the [2007 Consent Order and Settlement]." *See* Am. Compl. ¶ 140. As discussed in further detail in co-defendant's memorandum, Plaintiff is not able to unilaterally terminate its participation in the 2007 Consent Order and Settlement and Plaintiff's public filings demonstrate that it has not terminated its participation. *See* Co-Def. Mem. Law, Point II. Even assuming *arguendo* solely for purposes of this motion that it had, that would not allow Plaintiff to re-start its CERCLA statute of limitations and circumvent the holding of *Niagara Mohawk*, which holds that a PRP that has a contribution claim for costs incurred under CERCLA section 113 cannot assert a claim under CERCLA section 107 to recover such costs. Plaintiff defies logic by suggesting that it can either start and stop its CERCLA statute of limitations by breaching an administrative agreement that falls under section 113(f)(3)(B), or that it could gain new rights under CERCLA by letting its statute of limitations lapse. Accordingly, Plaintiff's claim under CERCLA section 113(f)(3)(B) should be dismissed.

### III. Plaintiff's Declaratory Judgment Claim Should Be Dismissed

Because Plaintiff has no viable claim under CERCLA sections 107 or 113, its declaratory judgment claim must be dismissed. In Count III, Plaintiff alleges a declaratory judgment claim for future costs based on its section 107 claim. Am. Compl. ¶¶ 156-60. This declaratory judgment claim cannot stand without an underlying substantive cause of action and must be dismissed. *See, e.g., Mercury Mall Assocs., Inc. v. Nick's Market, Inc.*, 368 F. Supp. 2d 513, 520 (E.D. Va. 2005) ("Declaratory relief under § 9613(g)(2) is only available in connection with an active cost recovery action."). Accordingly, Plaintiff's claim under section 113(g)(2) should also be dismissed.

## CONCLUSION

Accordingly, for the reasons set forth herein and in the Co-Defendants' memorandum of law, the United States respectfully requests that the Court dismiss Plaintiff's Amended Complaint against the United States in its entirety with prejudice and enter judgment accordingly.

Dated: Brooklyn, New York
       July 14, 2017

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York
271-A Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

By: */s/ Matthew J. Mailloux*
Matthew J. Mailloux
Assistant U.S. Attorney
(718) 254-6176
matthew.mailloux@usdoj.gov